UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGELA DAREZZO,

                Plaintiff,                        Case No. 16CV4818

                -against-                       **COMPLAINT**

RACHEL ON NINTH CORP. d/b/a PATRON and
H&S ASSOCIATES,

                Defendants.

---

Plaintiff, ANGELA DAREZZO (hereinafter "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues defendants RACHEL ON NINTH CORP. d/b/a PATRON (the "Restaurant") and H&S ASSOCIATES (the "Landlord") (the Restaurant and the Landlord being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

## INTRODUCTION

1.      Over twenty years after Congress passed one of our nation's landmark civil rights laws for people with disabilities, Defendants still maintain barriers that prevent customers who use wheelchairs or scooters from the full, independent and equal enjoyment of the Restaurant's goods and services.

2.      Defendants have been and remain in violation of federal and state disability civil rights laws, in that they have failed to comply with federal and state nondiscrimination statutes.

3.      Defendants have discriminated, and continue to discriminate, against Plaintiff in many ways, including, but not limited to, failing to ensure that its public accommodation is accessible to individuals with mobility impairments who require wheelchairs or scooters for mobility.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. Money damages alone are inadequate, and Plaintiff has been suffering, and will continue to suffer, irreparable injury.

5.      Venue is proper within this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.      Plaintiff is and has been at all times material hereto a resident of the State of New York.

7.      The Plaintiff has muscular dystrophy and utilizes a wheelchair for mobility. Plaintiff therefore has a disability within the meaning of the Title III of the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12102(2)(A).  Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

8.      The Restaurant owns and operates a restaurant and bar, open to the general public, at the premises known and designated as 608 Ninth Avenue, New York, New York (the "Property").  The Landlord is the owner of the Property.

## STATEMENT OF FACTS

9.      Plaintiff eats and shops in the neighborhood where the Restaurant is located.  She last attempted to gain entry to the property which forms the basis of this lawsuit on June 12, 2016.

10.      The Plaintiff values her independence and seeks to minimize any need to rely on others.  There is a step at the entrance to the Restaurant which makes it impossible for Plaintiff to enter in her wheelchair.

11.      The Plaintiff continues to pass the Restaurant and the barrier to her entry remains

in place

12.     The failure of Defendants to remove the barriers to access complained of herein violates the rights of the Plaintiff and other wheelchair users who want to eat at the Restaurant.

13.     Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress Defendants' unlawful disability discrimination against her, in violation of the ADA and its implementing regulations.

14.     Plaintiff also alleges claims for violation of the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

15.     Plaintiff continues to look forward to eating at the Restaurant when the barriers to her entry have been removed.

16.     The services, features, elements and spaces of the Restaurant are not readily accessible to, or usable by, Plaintiff .

17.     An inspection of the Restaurant was conducted and revealed the following (the statutes set forth below, which include both the 1991 and 2010 ADA Standards for Accessible Design, are not claimed to have been violated by Defendants but are for reference as to what remediation is required under the "readily achievable" standard of barrier remediation):

The Restaurant is located midblock between West 43 and West 44 Street.  It appears that a temporary enclosure is in place during cold weather.  There is a step/rise approximately 6" high at the door.   The Restaurant also has a folding storefront which appears to be used as an entrance when weather permits and which serves to block the main entrance when opened.  There is a rise in front of the opened storefront of approximately 8"-9".  Inside, there is an L shaped bar on the left with bar stool seating that runs down about ¾ of the interior.  To the right there is a high top table with bar stool seating on both sides of it.  There is an additional dining area in the back of

the restaurant.  To enter this area there are two steps approximately 8" in height each.  This area has two rows of "peg leg" style tables.  There are regular chairs on each side of the tables and a narrow aisle between the two rows, which are not wide enough for a patron seated in a wheelchair to pass through.

As a result of the foregoing:

a)      There is no accessible route within the site from the sidewalk to an accessible entrance (See, 1991 Standards 201.1, 206.4, 206.1, 402, 404.2.4.1 and 404.2.4.4).

b)      The rise over ½ inch at the entrance should be ramped (403.4, 303.4), and the absence of a ramp results in there being no accessible route with components capable of navigation by a wheelchair (402.1 and 402.2, 206.4).

c)      Even if someone assisted Plaintiff in entering, she would be left in jeopardy in the event of an emergency, since the restaurant has failed to provide an accessible means of egress (207).

d)      There are no accessible tables which allow space for Plaintiff to comfortably sit in his wheelchair, beneath a table. (Violates 306, 306.1, 306.2, 306.3)

e)      There is no accessible route to all dining areas. (Violates 2010 Standard 206.2.5- see advisory 206.2.5 and advisory 902)

f)      5% of the total restaurant seating is not accessible and dispersed throughout the restaurant (Standards 226.1, 226.2).

g)      At least 60 inches of the bar is not lowered to 34 inches so that Plaintiff may comfortably enjoy a drink at the bar, and there is no accessible table made available in the area. (1991 Standards 4.32 and 2010 Standards 902.1, 902.2 and 902.3. Of note, the advisory to 902.1 clearly includes the bar in this requirement.)

18.     All of the foregoing violations were reviewed with Plaintiff prior to the filing of

this Complaint, and photographs depicting some of the barriers are annexed as Exhibit A and incorporated by reference herein.

19.     Defendants' failure to remove architectural barriers at the entrance so as to provide the same opportunity to take advantage of the goods and services offered by the Restaurant to non-disabled patrons constitutes discrimination of Plaintiff, in violation of 42 USC § 12182(b)(ii) and 42 USC § 12182(2)(A)(iv).

20.     Defendants failed to remove the barriers to entry even though it is readily achievable to do so (42 USC § 12182(2) (a)).

21.     In the alternative, there are readily achievable alternatives to barrier removal that Defendants could have undertaken and must undertake in order to make the goods, services and facilities offered at the Cheese Store accessible to individuals with disabilities.  42 U.S.C. § 12182(b)(2)(A)(v); 28 C.F.R. §§ 36.305 and 36.308.

## CLAIMS FOR RELIEF

### CLAIM I

#### READILY ACHIEVABLE BARRIER REMOVAL

22.     It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 17.  By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), (iv) and 28 C.F.R. § 36.304.

### CLAIM II

#### READILY ACHIEVABLE ALTERNATIVES TO BARRIER REMOVAL

23.     In the alternative, if it is not readily achievable to remove all of the barriers to access set forth in paragraph 17, Defendants must provide readily achievable alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

24.     By failing to undertake alternatives to barrier removal to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

## CLAIM III

### FAILURE TO COMPLY WITH THE EXECUTIVE LAW

25.     It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 17.  By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Executive Law § 296(2)(c)(iii).

26.     In the alternative, the Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

## CLAIM IV

### FAILURE TO COMPLY WITH THE ADMINISTRATIVE CODE

27.     The Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of Administrative Code § 8-107(4), by maintaining and/or creating an inaccessible place of public accommodation.

28.     It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 17.  By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Administrative Code § 8-107(4).

## CLAIM V

### VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAWS

29.     The Defendants have discriminated against plaintiff pursuant to New York State Executive Law.

30.     Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

31.     Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A.     Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation

B.     Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but not limited to the violations set forth above;

C.     Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.     Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E.     Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

F.     Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

G.     Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

H.     Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

I.       For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: June 22, 2016

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
1 Penn Plaza
New York, New York 10119
(212) 967-4440

8

# EXHIBIT A
















