Ramos, E.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 9/29/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA DAREZZO,

Plaintiff,

-against-

RACHEL ON NINTH CORP. d/b/a PATRON and H&S ASSOCIATES,

Defendants.

Case No. 16CV4818

**CONSENT STIPULATION**

**WHEREAS,** Plaintiff ANGELA DAREZZO ("Plaintiff") filed a complaint in the above-captioned action against Defendants RACHEL ON NINTH CORP. d/b/a PATRON (the "Restaurant") and H&S ASSOCIATES (collectively "Defendants"; Plaintiff and Defendants are collectively designated as the "Parties"), alleging *inter alia,* certain purported violations of the Americans with Disabilities Act, 42 U.S.C 12181, and related claims arising under New York State Executive Law, the New York City Human Rights Law, and the New York Civil Rights Law, and seeking certain forms of relief thereunder (the "Action"); and

**WHEREAS,** the claims alleged herein by Plaintiff arise in connection with the property located at 608 Ninth Avenue, New York, New York (the "Property"); and

**WHEREAS,** Defendants have denied all allegations that they have violated any laws, statutes, rules, regulations or ordinances; and

**WHEREAS,** the parties desire to settle all claims alleged herein, without an admission of liability, on the terms and conditions set forth herein; it is therefore

**STIPULATED, CONSENTED AND AGREED,** that this action shall be settled as follows:

1. Remedial Measures.

The Defendants hereby agree to undertake the following remedial actions at the Property, which shall be at the Restaurant's sole cost and expense:

Install a permanent ramp at the entrance to the Restaurant which would allow Plaintiff and other wheelchair bound patrons to enter the Restaurant. The ramp will be compliant with the accessibility requirements set forth in the ADA, provided, however, that the slope of the ramp shall not exceed 1:8 and the ramp shall be fitted with either railings or have edge protection along the rise where it exceeds six inches. The ramp shall be completed within six months of the date of this Stipulation (the "Start Date"). The time period for the completion of the ramp shall be subject to events beyond the control of Defendants, such as delay in obtaining approved building or zoning permits (application for which shall be filed no later than 30 days from the Start Date), failure of the any government inspectors to make inspections, contractor defaults, work stoppages or slow-downs due to labor-related disputes or severe weather conditions (*e.g.*, snow storms and hurricanes), acts of God, *force majeure*, acts of war or terrorism, and the like. In the event of such unforeseen circumstances, it is agreed that upon a showing of diligent efforts to comply with the terms of this Stipulation, the Restaurant may request from Plaintiff's counsel an extension of time to complete the ramp, which consent shall not be unreasonably withheld. Within 30 days of the completion of the ramp, the attorney for the Restaurant shall notify Plaintiff's counsel and shall furnish photograph(s) of the completed ramp.

2. Settlement Amount.

The Parties agree that monetary compensation shall be paid in resolution of all claims asserted in this action, pursuant to a separate and confidential letter dated as of the date of this

Stipulation and signed by counsel for Restaurant as authorized representative of her client (such monetary compensation being the "Settlement Payment").

3. Release.

In consideration of the Defendants' obligations under this Stipulation, the Plaintiff on behalf of herself, her heirs, executors, beneficiaries, trustees, administrators, representatives, successors and assigns ("Releasor") hereby remises, releases, acquits, satisfies, and discharges Defendants, their parents, subsidiaries and affiliates, and their current and/or former officers, directors, members, shareholders, employees, attorneys, trustees, administrators, representatives, successors and assigns ("Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, equity, or admiralty, which the Releasor ever had, now has or hereafter can, shall or may have against the Releasees from the beginning of the world up to the date of this Stipulation with respect to all claims made, or which could have been made, in the Action.

4. Withdrawal of Action.

Upon execution of this Stipulation, the action will be discontinued, with prejudice, by the filing of a Voluntary Stipulation of Dismissal by Plaintiff's counsel.

5. No Admission of Liability.

Nothing in this Stipulation shall constitute or be deemed to constitute an admission of fault, wrongdoing or liability on the part of Defendants. Defendants acknowledge, without

conceding, any infirmity in their defenses, that they are entering into this Stipulation solely in order to settle this dispute and to avoid the further expense and inconvenience of litigation. Plaintiff acknowledges that nothing herein is to be construed as an admission of liability or culpability by either of the Defendants, and acknowledges further that the remedial steps to be taken herein constitute a satisfactory resolution of the access claims alleged herein.

6. Fees and Expenses.

Each of the Parties shall bear their own attorneys' fees and costs incurred in connection with or related to the Action not otherwise encompassed by the terms of this Stipulation provided, however, that in the event of breach of this Stipulation, the non-breaching party shall be entitled to collect any fees or expenses incurred, including reasonable attorneys' fees, by reason of efforts to enforce this Stipulation, or the separate letter agreement relating to the Settlement Payment.

7. Authority.

Each signatory hereto represents and warrants that he/she has full authority to enter into this Stipulation on behalf of that Party. All references to the Defendants herein shall be deemed to include their successors and assigns.

8. Governing Law and Jurisdiction.

This Stipulation shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The Parties agree that venue for any litigation brought to enforce this Stipulation shall lie in the United States District Court for the Southern District of New York, or, if that Court refuses to accept jurisdiction, in any court of competent jurisdiction in New York, New York.

9. Interpretation.

The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Settling Parties. This Stipulation has been negotiated by and between the Parties' respective counsel, and shall not be construed against the "drafter" of the Stipulation.

10. Modification of Stipulation.

This Stipulation may be amended, revoked, changed, or modified only upon a written agreement executed by the Parties. No waiver of any provision of this Stipulation will be valid unless it is in writing and signed by the party against whom such waiver is charged.

11. Entire Agreement.

This Stipulation sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

12. Signatures in Counterparts.

This Stipulation can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if the Parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as an original signature.

13. Headings.

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
, 2016

ANGELA DAREZZO

RACHEL ON NINTH CORP.

By:
Name: CIRO-COLANTONIO

Title:

H&S ASSOCIATES

By:
Name:

Title:

So Ordered:

USDCJ

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
, 2016

______________________________
ANGELA DAREZZO

RACHEL ON NINTH CORP.

By: ______________________________
Name:

Title:

H&S ASSOCIATES

By: ______________________________
Name: Ron Jacques

Title: POA for Baruch Haviv

So Ordered:

______________________________
USDCJ

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
, 2016

ANGELA DAREZZO

RACHEL ON NINTH CORP.

By: ______________________
Name:

Title:

H&S ASSOCIATES

By: ______________________
Name:

Title:

So Ordered:

Edgardo Ramos, U.S.D.J
Dated: 9/29/2016
New York, New York